UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:24CV-P68-JHM

**KELLY MICHELLE JOHNSON**                                                                                         **PLAINTIFF**

v.

**JAILER DAVID KNIGHT** *et al.*                                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kelly Michelle Johnson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow Plaintiff to amend the complaint.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the McCracken County Jail (MCJ), sues David Knight, the MCJ Jailer; Kristy, a nurse and physician's assistant employed by MCJ; and Jennifer Brooks, an MCJ deputy jailer. Plaintiff sues Defendant Knight in his individual and official capacity and does not identify in which capacity(ies) she sues Defendant Kristy or Brooks.

Plaintiff states the following:

My 8th amendment rights against cruel and unusual punishment were violated when on 11/25/22 during my medical intake, I found out I was pregnant. Shortly after that I was being transported to the hospital because of a seizure and spotting. I found out then it was an ectopic/tubal pregnancy. I continued spotting and complaining of pains. I was cuffed & shackled me to take me to the hospital. The transport was stopped before we even left the sallyport of the jail. I was only given ibuprofen. On 12/22/22 I was taken to Dr. Muller who informed me the pregnancy would have to be terminated to save my life & my body for future pregnancies. Deputy jailer Jennifer told me to cut my arms longways instead of crossways and kill myself. I told the nurse and hospital security that I did not feel safe with that officer, we were then escorted from the hospital. Later that same day I was taken to Western Baptist Hospital cancer treatment center and given 2 methyltrexate shots to terminate my pregnancy within 2 hours I was brought

back to [MCJ]. In the following 8 days I was in the most agonizing pain of my life. The medical staff refused me help/treatment of any kind. I could not sit or stand without projectile vomiting and was literally turning grey. On 12/29/22 I was finally taken to Western Baptist laboratory for a follow up appointment. I had to be rolled in a wheel chair to the lab after having to stop several times to throw up. When I got to the lab the nurse said I didn't even have an appointment. I told her I refused to leave without seeing a Dr. The officer called MCCJ "Nurse Kristy" tried to make them bring me back to the jail but the Dr. overrode them & admitted me. Upon giving me a vaginal ultrasound it was found that my right fallopian tube had burst & I was still pregnant. I was rushed into emergency surgery to remove my fallopian tub & baby. Upon return to MCCJ the next day "Nurse Kristy" looked at me and said "I guess you weren't bullshi**ing."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "termination of those responsible for this situation."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept

2

all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

#### *A. Official-capacity claim*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Defendant Knight is actually brought against his employer, McCracken County. *Id.* at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under

§ 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege in the complaint that any of the actions taken occurred pursuant to a policy or custom of McCracken County. Accordingly, her official-capacity claim against Defendant Knight must be dismissed for failure to state a claim upon which relief may be granted. Although Plaintiff does not sue Defendant Kristy or Brooks in their official capacities, because she identifies them both as employees of McCracken County, any official-capacity claims against them would also be dismissed for failure to state a claim.

### B. Individual-capacity claim

#### 1. Defendant Knight

Plaintiff sues Defendant Knight, but the complaint states no allegations against him. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of the plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent Plaintiff is suing Defendant Knight based on his role as a supervisor of other personnel, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). Plaintiff states no allegations against Defendant Knight, and she therefore fails to allege his personal involvement in the alleged events.

Accordingly, Plaintiff's individual-capacity claim against Defendant Knight must be dismissed for failure to state a claim upon which relief may be granted.

### *2. Defendants Kristy and Brooks*

As stated above, Plaintiff does not state in which capacity(ies) she sues Defendant Kristy or Brooks. While Plaintiff alleges a violation of the Eighth Amendment, because she was a pretrial detainee at the time of the alleged events, her claims must be analyzed under the Fourteenth Amendment, s*ee Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022), and here Eighth Amendment claims will be dismissed. Upon consideration, the Court finds that Fourteenth Amendment claims would proceed against Defendants Kristy and Brooks if Plaintiff had sued them in their individual capacities.[1] Therefore, the Court will give Plaintiff an

---

[1] The Court recognizes that the claims may be barred by the statute of limitations. However, the statute of limitations is an affirmative defense, and a court may only raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). The statute of limitations on Plaintiff's claims would have been tolled

opportunity to file an amended complaint suing these Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend [her] complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official and individual-capacity claims against Defendant Knight and her Eighth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **on or before September 18, 2024**, **Plaintiff shall file an amended complaint** suing Defendants Kristy and Brooks in their individual capacities.

**The Clerk of Court is DIRECTED** to send Plaintiff page 2 of her complaint form (DN 1) with this case number and the word "Amended" written in the caption on which Plaintiff can indicate that she is suing Defendants Kristy and Brooks in their individual capacities.

Should Plaintiff fail to file an amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for the reasons set forth herein and for failure to comply with an Order of this Court**.

Date: August 19, 2024

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
4414.010

---

for the period when Plaintiff was exhausting her administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Therefore, it is not obvious from the face of the complaint that the claims are barred by the statute of limitations.